Kumud **GUPTA**, Plaintiff–Appellant,

v.

**MADISON METROPOLITAN SCHOOL DISTRICT and Barbara Nolan, Defendants–Appellees.**

No. 04–2377.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 15, 2004.

Decided Jan. 18, 2005.

Rehearing Denied Feb. 22, 2005.

Douglas J. Phebus, Lawton & Cates, Madison, WI, for Plaintiff–Appellant.

David E. Rohrer, Lathrop & Clark, Madison, WI, for Defendants–Appellees.

Before BAUER, COFFEY, and SYKES, Circuit Judges.

## ORDER

Kumud Gupta, who is from India, was hired as a teacher in the Madison, Wisconsin Metropolitan School District, and after she had been teaching for one year, the district authorities decided not to renew her contract. Gupta sued under 42 U.S.C. § 1981, alleging that the school district and the Assistant Principal, Barbara Nolan, discriminated against her due to race. The district court granted summary judgment for the defendants finding that Gupta had failed to offer sufficient evidence to establish discrimination. Even though we agree with the district court that Gupta's suit lacks merit, we affirm on other grounds, holding that it is time-barred under 28 U.S.C. § 1658's four-year statute of limitations.

In August 1997 Gupta started a three-year probationary term as a teacher at James Madison Memorial High School in Madison, Wisconsin. As assistant principal at the school, Barbara Nolan was Gupta's supervisor and evaluator. During their first meeting, Nolan asked Gupta where she came from and went on to inform her that she would be observing her class. Nolan observed Gupta 18 times from August 1997 through February 1998. A month later, in September 1997, Nolan, two other administrators, and a teachers' union representative met to discuss Gupta's performance. A short time thereafter, Nolan completed a written evaluation and gave a copy to Gupta, calling for dramatic improvements in almost every area before she could recommend renewal of her contract. Nolan completed another evaluation in January 1998, concluding that Gupta had not improved and recommending against renewal of her contract. Nolan reiterated her less than complimentary view of her work in a final evaluation in February 1998 and at the same time gave Gupta a preliminary notice of non-renewal. Gupta met with the school board in May 1998, and at that meeting, the board voted not to renew Gupta's contract and gave her a final written notice of non-renewal in June 1998.

Gupta filed her suit in a Wisconsin state court in November 2003, more than four years after the school district declined to renew her contract. The defendants sought removal to federal court, which the district court granted. In their amended answer in federal court, the defendants raised an affirmative defense that the four-year statute of limitations, *see* 28 U.S.C.

§ 1658, barred the suit. The defendants moved for summary judgment and argued that Gupta had failed to meet their employment expectations and thus the school district had a legitimate business reason to terminate Gupta relying upon poor performance. Additionally, they reasserted their four-year statute-of-limitations defense.

The district court granted summary judgment in favor of the defendants and went on to hold that Gupta failed to meet her burden of establishing a prima facie case that she was meeting the employer's reasonable expectations, nor did she demonstrate that the employer had lied about its reason for firing her. The district court never addressed whether 28 U.S.C. § 1658 barred Gupta's claim in all probability because the Supreme Court had not yet issued its opinion in *Jones v. R.R. Donnelley & Sons Co. See Jones v. R.R. Donnelley & Sons Co.,* 305 F.3d 717 (7th Cir.2002), *cert. granted,* 538 U.S. 1030, 123 S.Ct. 2074, 155 L.Ed.2d 1059 (2003), *rev'd,* 541 U.S. 369, 124 S.Ct. 1836, — L.Ed.2d —— (2004).

On appeal Nolan and the school district renew their contention that Gupta's action, filed in November 2003, was barred by 28 U.S.C. § 1658, the federal four-year statute of limitations. Even though the district court did not address this argument, we may affirm the district court's judgment against Gupta on any basis supported in record. *Cygan v. Wis. Dep't Corr.,* 388 F.3d 1092, 1098 (7th Cir.2004). We hold that Gupta's filing of her lawsuit exceeded the statutory time limit.

The federal four-year statute of limitations, 28 U.S.C. § 1658, applies to any civil action arising under an act of Congress enacted after December 1, 1990. Although § 1981 was enacted long before 1990, it was amended by the Civil Rights Act of 1991, and any action under § 1981 made possible by the 1991 amendments is subject to the four-year bar. *R.R. Donnelley & Sons Co.,* 124 S.Ct. at 1844–46. Before the Civil Rights Act of 1991, § 1981 prohibited discrimination only in the formation of new contracts or in the use of legal processes to enforce existing contracts, *see Patterson v. McLean Credit Union,* 491 U.S. 164, 176–82, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and it did not cover an action for wrongful discharge or non-renewal of a teacher's contract, *see Cliff v. Bd. of Sch. Comm'rs of City of Indianapolis, Ind.,* 42 F.3d 403, 412–13 (7th Cir. 1994); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 508–09 (6th Cir.1991). The amended § 1981 now includes claims for wrongful discharge or non-renewal, but because these claims were only made possible by the 1991 Act, they are subject to the four-year statute of limitations. *R.R. Donnelley & Sons Co.,* 124 S.Ct. at 1845–46. Consequently, Gupta's action is time-barred because the school district declined to renew her contract in June 1998, and she filed her complaint in November 2003, more than four years later.

Conceding at oral argument that her complaint would otherwise be barred, Gupta argues that the rule of *R.R. Donnelley* should not be applied retroactively to this case under the test articulated in *Chevron Oil Co. v. Huson. Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Under *Chevron Oil,* the Court permitted certain equitable limitations to the retroactive effect of judicial decisions if those decisions overruled long-standing precedent on which litigants had relied. *Id.* Gupta's argument is misplaced because the Supreme Court has subsequently articulated a different rule for retroactivity in civil cases. In 1993 the Supreme Court held that, whenever the Court applies a new rule of federal law to

the parties in a civil case before it, that new principle controls all cases pending on direct review no matter when the acts giving rise to the suit occurred. *See Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). As the Court explained, the principle of retroactivity outweighs all claims based on the *Chevron Oil* test. *Id.* at 98; *see also Felzen v. Andreas,* 134 F.3d 873, 877 (7th Cir.1998) (noting that *Chevron Oil* was overruled in part by *Harper's* broad rule of retroactivity), *aff'd by Cal. Pub. Employees' Ret. Sys. v. Felzen,* 525 U.S. 315, 119 S.Ct. 720, 142 L.Ed.2d 766 (1999). Indeed, we have already applied *R.R. Donnelley* to a pending case. *Dandy v. United Parcel Serv., Inc.,* 388 F.3d 263, 269 (7th Cir.2004). Consequently, *R.R. Donnelley* applies to Gupta's case, and her complaint is barred by the statute of limitations.

Even if the case were not time-barred, Gupta could not succeed on the merits for the lower court correctly found that Gupta would have failed to demonstrate that she had met her employer's reasonable expectations. Nor did she establish that her employer lied about its reasons for refusing to renew her contract.

Because § 1658's four-year statute of limitations bars Gupta's complaint, we AFFIRM the judgment of the district court.